IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:15-CV-431-FDW-DCK

| | |
|---|---|
| JOHN KILZI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) **ORDER AND** |
| v. | ) **MEMORANDUM AND** |
| | ) **RECOMMENDATION** |
| BIESSE AMERICA, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff's Motion To Amend The Complaint" (Document No. 12). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion, the record, and applicable authority, the undersigned will <u>grant</u> the motion to amend, and recommend that the pending motion to dismiss be <u>denied</u> as moot.

## BACKGROUND

Plaintiff John Kilzi ("Plaintiff"), appearing *pro se*, initiated this action with the filing of a "Complaint" (Document No. 1) on September 18, 2015. The Complaint identified multiple Defendants; however, on October 1, 2015, the Honorable Frank D. Whitney issued an "Order" (Document No. 3) dismissing Defendants Laundry and Magennis for failure to state a claim. (Document No. 3) (citing 28 U.S.C. §1915(e)(2)(B)(ii)). Chief Judge Whitney held that "Plaintiff has stated a colorable claim for relief against Defendant Beisse." (Document No. 3).

On November 16, 2015, "Defendant's Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted, Or In The Alternative, For A More Definite Statement" (Document No. 8) was filed. Defendant's motion seeks dismissal pursuant to Fed.R.Civ.P.

12(b)(6), or an order requiring Plaintiff to amend his Complaint. (Document No. 8). Plaintiff filed his "Response To Motion To Dismiss" (Document No. 9) on December 2, 2015. "Defendant's Reply In Support Of Its Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted, Or In The Alternative, For A More Definite Statement" (Document No. 10) was filed December 14, 2015.

On January 13, 2016, Kirk J. Angel filed a "Notice Of Appearance" (Document No. 11) on behalf of Plaintiff. On January 18, 2016, Mr. Angel filed the pending "… Motion To Amend The Complaint" (Document No. 12). "Defendant Biesse America's Response In Opposition To Plaintiff's Motion To Amend" (Document No. 14) was filed on February 4, 2016; and "Plaintiff's Reply To Defendant's Response In Opposition To Plaintiff's Motion To Amend" (Document No. 15) was filed on February 16, 2016.

The pending motions are now ripe for review and disposition.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 15 applies to the amendment of pleadings and allows a party to amend once as a matter of course within 21 days after serving, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed.R.Civ.P. 15(a)(1). Rule 15 further provides:

> **(2) Other Amendments.** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed.R.Civ.P. 15(a)(2).

Under Rule 15, a "motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile." Nourison Rug Corporation v.

2

Parvizian, 535 F.3d 295, 298 (4th Cir. 2008) (citing HCMF Corp. v. Allen, 238 F.3d 273, 276-77 (4th Cir. 2001));  see also, Foman v. Davis, 371 U.S. 178, 182 (1962).  However, "the grant or denial of an opportunity to amend is within the discretion of the District Court."  Pittston Co. v. U.S., 199 F.3d 694, 705 (4th Cir. 1999) (quoting Foman, 371 U.S. at 182).

## DISCUSSION

It appears that there has been no initial attorney's conference and that no discovery has taken place in the case thus far.  Moreover, Plaintiff sought leave to amend within a week of the appearance of his counsel.  (Document Nos. 11 and 12).  As noted above, Defendant's alternative request for relief was to have Plaintiff ordered to file an amended complaint providing a more definite statement.  (Document No. 8).  Plaintiff has since retained counsel, who has prepared such an Amended Complaint, and now seeks leave to file the Amended Complaint.  (Document No. 12).

In short, the undersigned is not persuaded that there is sufficient evidence of prejudice, bad faith, or futility to outweigh the policy favoring granting leave to amend.  After careful consideration of the record and the motion, the undersigned finds that Plaintiff's motion to amend should be granted;  however, barring extraordinary circumstances, further amendments to the Complaint are unlikely to be allowed.

Therefore, because the undersigned will order Plaintiff to file an Amended Complaint which supersedes the original Complaint, the undersigned will respectfully recommend that "Defendant's Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted, Or In The Alternative, For A More Definite Statement" (Document No. 8) be denied as moot. This recommendation is without prejudice to Defendant filing a renewed motion to dismiss the Amended Complaint, if appropriate.

It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot. Young v. City of Mount Ranier, 238 F. 3d 567, 573 (4th Cir. 2001) ("The general rule ... is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect."); see also, Colin v. Marconi Commerce Systems Employees' Retirement Plan, 335 F.Supp.2d 590, 614 (M.D.N.C. 2004) ("Earlier motions made by Defendants were filed prior to and have been rendered moot by Plaintiffs' filing of the Second Amended Complaint"); Turner v. Kight, 192 F.Supp. 2d 391, 397 (D.Md. 2002) (quoting 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1476 (2d ed. 1990) ("A pleading that has been amended ... supersedes the pleading it modifies .... Once an amended pleading is interposed, the original pleading no longer performs any function in the case."); Brown v. Sikora and Associates, Inc., 311 Fed.Appx. 568, 572 (4th Cir. Apr. 16, 2008); and Atlantic Skanska, Inc. v. City of Charlotte, 3:07-CV-266-FDW, 2007 WL 3224985 at *4 (W.D.N.C. Oct. 30, 2007).

## CONCLUSION

**IT IS, THEREFORE, ORDERED** that "Plaintiff's Motion To Amend The Complaint" (Document No. 12) is **GRANTED**. Plaintiff shall file an Amended Complaint on or before **February 25, 2016**.[1]

**IT IS FURTHER ORDERED** that Defendant shall file an Answer to the "Amended Complaint" on or before **March 17, 2016**, and the parties shall file a Certification of Initial Attorney's Conference on or before **March 25, 2016**. See Local Rule 16.1 and the "Initial

---

[1] The Administrative Procedures Governing Filing and Service by Electronic Means, revised January 1, 2012, at Part II, Section A, Paragraph 8, provide that: "If filing a document requires leave of the Court, such as an amended complaint, the attorney shall attach the proposed document as an exhibit to the motion according to the procedures in IV. If the Court grants the motion, the filer will be responsible for electronically filing the document on the case docket."

Scheduling Order" (3:07-MC-047-FDW, Document No. 2) docketed in this action on September 18, 2015.

**IT IS RECOMMENDED** that "Defendant's Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted, Or In The Alternative, For A More Definite Statement" (Document No. 8) be **DENIED AS MOOT**.

### TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed **within fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to de novo review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**SO ORDERED AND RECOMMENDED**.

Signed: February 22, 2016

David C. Keesler
United States Magistrate Judge